UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 27 2022
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LEO HINSON,<br><br>*Defendant.* | CASE NO. 4:02-cr-60025<br><br>OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Leo Hinson's *pro se* motion for compassionate release, Dkt. 161, and supplemental motion for compassionate release, Dkt. 167. The Government has filed a motion of non-opposition as to Defendant's supplemental motion for compassionate release. Dkt. 169.

Mr. Hinson is 80 years-old, is dying from Myelomonocytic Leukemia (CMML), and has served 99.2 percent of his statutory term (20 years and 8 months). Dkt. 167 at 1; Dkt 167, Ex. A at D-005 and D-220. He also suffers from acute hypoxemic respiratory failure, cardiovascular disease, and anemia. *Id.* at 1. The Bureau of Prisons plans to release him next month. *Id.* His doctors have explained to him he will eventually die from complications with the disease. *Id.*; *id.*, Ex. A at D-087. He is almost finished serving a 293-month sentence and wants to die in his daughter's care, outside of prison. *Id.* at 2. He exhausted administrative remedies before filing his *pro se* motion seeking relief. *Id.* at 4; *id.*, Ex. A at D-001, D-002.

Analysis

1. Statutory Requirements

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted).

A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

2. Mr. Hinson's Age and Conditions Establish Extraordinary and Compelling Reasons

Mr. Hinson's circumstances fit within he first category of "extraordinary and compelling reasons" in the application notes to § 1B1.13. The first category covers a defendant who "is

suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time-period) is not required. Examples include metastatic solid-tumor cancer, . . . ALS, end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13, comment. n.1(A)(i). And Mr. Hinson, afflicted with CMML, suffers from a terminal illness.

Mr. Hinson also fits within the next category in the application notes to § 1B1.13. It covers a defendant who is "suffering from a serious physical or medical condition," or "experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Mr. Hinson has been experiencing more fainting spells, requiring supplemental oxygen, and needing more blood transfusions, Dkt. 167 at 8; *id.*, Ex. D-009, D-013, D-0148, therein falling within this category.

The application note for USSG § 1B1.13 states that the Court should consider a defendant's age when the defendant is "at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Again, Mr. Hinson is 80 years old and has served over 99 percent of his term of imprisonment.

3. The § 3553(a) Sentencing Factors Support a Sentence of Time-Served

The Court next considers the § 3553(a) sentencing factors. The Court sentenced Mr. Hinson to serve 293 terms in prison and 3 years of supervised release. Dkt. 107. As of September 30, 2020, he had earned 1080 days of good time credit. Dkt. 167 at 9. He only had five minor non-violent infractions over the twenty years he was incarcerated. *Id.* at 10; *id.*, Ex. B. He has continued to take educational courses despite his prognosis, taking courses as recently as August 2022. *Id.*

at 10; *id.*, Ex. A at D-296. His age and deteriorating health support a sentence reduction, consistent with the policies underlying USSG § 1B1.13 and BOP's Program Statement 5050.50. *Id.* at 9. If released, during his end-life transition he will live with his daughter in Cranberry, Pennsylvania. *Id.* at 10; *id.*, Ex. A at D-152.

Because there are extraordinary and compelling reasons for his early release, the § 3553(a) factors support a sentencing reduction, and there is no opposition from the Government, the Court grants Defendant's motions for early release and sentences him to time-served.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 27th day of October, 2022.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE